UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL POZNIAK,

        Petitioner,                       Case No. 14-cv-12649

v                                               Honorable Thomas L. Ludington

MARY BERGHUIS,

        Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTIONS TO STAY PROCEEDINGS**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Paul Pozniak is incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Petitioner was convicted in the Macomb Circuit Court of first-degree murder, and he was sentenced to life in prison. The petition raises two claims: (1) the prosecutor submitted insufficient evidence to support Petitioner's conviction; and (2) Petitioner was denied the effective assistance of counsel.

Petitioner has filed a motion to stay the proceedings. He enumerates an additional five claims he wishes to raise in his petition: (1) he was denied the right to counsel at a pretrial identification proceeding; (2) the prosecutor committed misconduct; (3) the trial court lacked jurisdiction; (4) Petitioner's trial counsel was ineffective for additional reasons not asserted on direct appeal; and (5) Petitioner was denied the effective assistance of appellate counsel. He admits that these claims were not contained in his direct appeal. He asserts that he intends to file a motion for relief from judgment in the trial court, raising these claims.

I

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available in circumstances where the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the

petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Because of concerns regarding the statute of limitation, Petitioner's motion for a stay will be granted.[1] However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, time limits will be imposed for Petitioner to proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner shall file his motion for relief from judgment in the state trial court within thirty (30) days of this order. If he timely files his motion for relief from judgment and if his bid for state post-conviction relief fails, he must return to federal court within thirty (30) days of completing exhaustion of state court post-conviction remedies and file a motion to reopen this case. *Hargrove*, 300 F. 3d at 721; *see also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

II

Accordingly, it is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance (ECF No. 3) is **GRANTED**. Petitioner must timely pursue his state court remedies by filing a motion for relief from judgment in the trial court within thirty (30) days of this order, and if he does not obtain relief, he must file appeals in the Michigan Court of Appeals and Michigan Supreme Court.

---

[1] Petitioner's direct appeal ended when the Michigan Supreme Court denied his application for leave to appeal on July 30, 2013. *People v. Pozniak*, No. 146890 (Mich. Sup. Ct. July 30, 2013). The current habeas petition was filed nearly a year later on July 7, 2014.

After Petitioner has exhausted his claims, Petitioner shall then file a motion to re-open this case and an amended petition within thirty (30) days after the conclusion of the state court post-conviction proceedings.  <u>Petitioner shall file this motion using the caption and case number from this case</u>.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.  *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 10, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Paul Pozniak #170303 at Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 by first class U.S. mail on September 10, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---