UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL POZNIAK,

           Petitioner,                              Civil No. 1:14-cv-12649
                                                  Honorable Thomas L. Ludington

v.

MARY BERGHUIS,

           Respondent.

_____/

**ORDER DENYING MOTION TO EXTEND STAY AS MOOT, GRANTING MOTION
TO REOPEN CASE, DIRECTING RESPONSIVE PLEADING AND DENYING
WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**

Paul Pozniak, a state prisoner, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254. ECF No. 1. On September 10, 2014, this Court entered an opinion and order

holding the case in abeyance so that Petitioner could exhaust his state court remedies. ECF No.

6. The Court also administratively closed the case. Petitioner has now filed a motion to reopen

the case.

Federal courts have the power to order that a habeas petition be reinstated upon timely

request by a habeas petitioner. *See Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill.

1998); *Parisi v. Cooper*, 961 F. Supp. 1247, 1249 (N.D. Ill. 1997). Because it appears that

Petitioner filed his motion to reopen the case within 30 days of exhausting his state court

remedies in the Michigan Supreme Court, he has complied with the Court's order staying the

case and his petition is now ripe for consideration. Accordingly, the Court will order that the case

be reopened.

Petitioner filed a motion to extend the stay on July 18, 2016, stating that he intended to

pursue DNA testing of evidence used at his trial under Michigan Compiled Laws 777.16. That

motion will be denied as moot because Petitioner has moved to reopen his case within 30 days of completing post-conviction review proceedings under Michigan Court Rule 6.501 *et seq*.

Petitioner also filed a motion for appointment of counsel. The Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In this case, the Court finds that it is premature to determine whether justice requires appointment of counsel. The Court will reconsider this request on its own motion after the Respondent has filed its responsive pleading and submitted the state court record.

Accordingly, it is **ORDERED** that Petitioner's motion to reinstate, ECF No. 10, is **GRANTED.**

It is further **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **REINSTATED** to the Court's active docket**.**

It is further **ORDERED** that the Clerk of the Court shall serve a copy of the amended petition, ECF No. 9, on the Attorney General for the State of Michigan, Appellate Division.

It is further **ORDERED** that Respondent shall file a responsive pleading and the Rule 5 materials by **May 3, 2017.**

It is further **ORDERED** that Petitioner's motion to extend stay, ECF No. 8, is **DENIED** as moot.

It is further **ORDERED** that Petitioner's motion to appoint counsel, ECF No. 11, is **DENIED without prejudice.**

- 3 -

Dated: November 4, 2016                                s/Thomas L. Ludington
                                                        THOMAS L. LUDINGTON
                                                        United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on November 4, 2016.

                            s/Michael A. Sian
                            MICHAEL A. SIAN, Case Manager